IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN GREENE a/k/a<br>LAUREN A. SYLUS | : | CIVIL ACTION |
| v. | : | |
| STATE POLICE OF PENNSYLVANIA,<br>et al. | : | NO. 17-4101 |

MEMORANDUM

MCHUGH, J.                                                                                         SEPTEMBER 22, 2017

Plaintiff Lauren Greene filed this civil action against numerous defendants primarily based on her desire to obtain custody of her son. She also filed a motion to proceed *in forma pauperis*, which the Court will grant. For the following reasons, the Court will dismiss plaintiff's complaint.

I.     FACTS

The complaint is pled in a stream of consciousness manner and discusses a series of events in plaintiff's life, which makes it difficult at times to understand the basis for plaintiff's claims. Plaintiff alleges that her son, who is now three-and-a-half, was born in Georgia "against [her] will." (Compl. at 3.) Plaintiff's parents have been caring for her son since his birth and have prevented her from seeing him for the past three years. That situation appears to be the primary motivation for the instant lawsuit.

The complaint indicates that plaintiff suffers from conditions affecting her mental health and that she has been both jailed and involuntarily committed in the past. Plaintiff claims that she has been "attacked and illicitly drugged in Government jail [apparently in Gwinnett County, Georgia] for trying to make contact with [her] son." (*Id.*) She alleges that she visited the CIA

"asking for professional development help and they had [her] psychiatrically committed, calling [her] parents to say [she] wanted to kill them." (*Id.* at 3-4.) Plaintiff also alleges that the hospitalization placed her in a "more vulnerable" situation, and that "Gwinnett attorneys are claiming [she] is delusional about the abuse suffered in [the] Gwinnett jail." (*Id.* at 4.)

At some point, plaintiff was involuntarily committed for two months at the Presbyterian Hospital in New York in connection with her psychiatric issues; it is not clear if this is the same hospitalization that derived from her visit to the CIA or a different hospitalization. She alleges that her human rights were violated during her stay. She also alleges that she was "forced under duress in order to be released from NY Presbyterian Hospital to agree to settle [the] bill by placing [herself] on SSD/Medicare." (*Id.* at 3) She claims she was "forced to refuse [a] work opportunity with the Educational Testing Service" and that she was "never able to attain employment as a public school employee again," because of her acceptance of social security disability funds. (*Id.*)

The complaint contains additional allegations about plaintiff's background and circumstances that do not clearly relate to the other allegations in the complaint. Plaintiff alleges that she "claimed political asylum about issues that were never addressed in law with due process in [her] home state." (*Id.*) She was arrested in 2009—apparently in Pennsylvania. Although unclear, it appears plaintiff absconded to England without addressing her legal issues, and that her parents hired an attorney, Paul Messing, to assist her with her legal troubles.

Plaintiff named following individuals and/or entities as defendants in this lawsuit: (1) the State Police of Pennsylvania; (2) Paul Messing; (3) Health System Department of Pennsylvania; (4) Lawrence Real; (5) U.S. Department of Health and Human Services; (6) Department of Medicare, Medicaid; (7) School District of Philadelphia; (8) Pamela South, identified as a

Gwinnett County Judge; (9) Lee Ann Chancey; (10) the CIA; and (11) the FBI. She identified the "Full Faith and Credit Statute" as the jurisdictional basis for her claims. Plaintiff seeks various forms of relief from this Court including: (1) custody of her son and travel opportunities with him; (2) "a professional development plan and opportunity that allows [her] to affect changes within the criminal justice, health, and education programs"; (3) expungement of her criminal record; (4) revision of her psychiatric records; (5) "CIA training in language and math/science with [her] son"; (6) a "seat on the HELP committee of the Senate to initiate a mental health legal system that is consistent and adhered to by all states"; and (7) "the environmental standards to change for connection facilities so they grant educational development." (Compl. at 4.) With her complaint, plaintiff filed a motion seeking an "emergency hearing to address the safety of [her] son and his emotional integrity" and to "challenge the Full Faith and Credit Standard, since Gwinnett County Medical Center denied [her] obstetric care and the jail has committed abusive acts of terrorism against [her] for trying to see [her son]."

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss her complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

3

490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As plaintiff is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court cannot discern a logical basis for a claim against the defendants from the complaint that falls within this Court's jurisdiction or venue. Some of plaintiff's allegations do not seem to give rise to a claim at all. Additionally, she has identified some individuals or entities as defendants without explaining what those individuals or entities did to harm her.[1] Accordingly, the complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim. However, the Court has done its best to identify claims that plaintiff may be trying to bring in an effort to determine whether any merit could exist for a lawsuit.

#### A. Claims Based on Custody of Plaintiff's Son

Plaintiff is clearly unhappy about the fact that she does not have custody of her son. However, nothing in the complaint suggests plaintiff's federal rights were violated in connection with the removal of her son from her custody or her current custody situation. If plaintiff has a

---

[1] The complaint does not raise any allegations against Lawrence Real, the Health System Department of Pennsylvania, Lee Ann Chancey, or the FBI. Even giving the complaint the most liberal construction, the Court cannot determine a basis for plaintiff's claims against those defendants.

4

legitimate basis for seeking custody of her son, she should file an appropriate motion with the appropriate state court. There is no reasonable basis from which the Court could conclude that it has jurisdiction or venue over this aspect of plaintiff's complaint.

### B. Claims Based on Incarceration in Georgia and Commitment in New York

It appears plaintiff may be challenging her treatment during an incarceration in Gwinnett County, Georgia, and an involuntary commitment in New York. To the extent plaintiff is raising constitutional claims pursuant to 42 U.S.C. § 1983, based on her incarceration, she has only sued a Gwinnett County Judge in connection with those claims. However, judges are entitled to absolute immunity from claims based on acts taken in their judicial capacity while presiding over a case within their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Accordingly, plaintiff cannot sue a judge based on the judge's ruling to incarcerate her if that is, in fact, what she is trying to do. Furthermore, if plaintiff was incarcerated as a result of a criminal conviction, she may not challenge that conviction or her related incarceration in a civil rights action unless the conviction has first been overturned or invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

If plaintiff intends to challenge the conditions in which she was confined in Georgia or committed in New York, she may file a lawsuit in the state or federal courts of those states if appropriate. However, she has not alleged anything beyond conclusory allegations in her complaint and nothing about her allegations suggests that venue would be proper in this district.

5

*See* 28 U.S.C. § 1391. Accordingly, the Court will dismiss those claims without prejudice to plaintiff proceeding on them in an appropriate court if she chooses to do so.[2]

### C. Claims Based on 2009 Arrest

Plaintiff also appears to be challenging a 2009 arrest, possibly pursuant to 42 U.S.C. § 1983. However the Pennsylvania State Police, which appears to have been sued in connection with that arrest, is not susceptible to claims under § 1983 because the Pennsylvania State Police is a state agency. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (per curiam) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity."). In any event, any claims based on a 2009 arrest are barred by Pennsylvania's two-year limitations period, because plaintiff knew or should have known of the basis for her claims at the time of the arrest but failed to file a lawsuit until 2017—almost eight years after the arrest occurred. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Atkin*, 432 F. App'x at 48.

### D. Claims Against Plaintiff's Lawyer

The Court also cannot discern any basis for a claim against plaintiff's lawyer. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's attorney is not a state actor subject to liability under § 1983. *Angelico v. Lehigh Valley Hosp.*,

---

[2] Venue is an affirmative defense that the Court may address if it is apparent from the face of the complaint. A district court may transfer a case to an appropriate district rather than dismissing it if venue is not proper. *See* 28 U.S.C. §§ 1404 & 1406. However, transfer would not be appropriate here because plaintiff has amalgamated numerous undeveloped claims in this lawsuit that appear to be unrelated, and which appear to belong in different district courts.

*Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Even leaving that aside, nothing in the complaint suggests any basis for a legal claim against the attorney under federal or state law.

### E. Claims Based on Plaintiff's Federal Benefits

Plaintiff expresses dissatisfaction with her receipt—or possible non-receipt—of benefits. It is not clear what plaintiff is challenging or why she is challenging those benefits. Furthermore, if plaintiff is prohibited from working because she is disabled or because she receives disability benefits, that reality does not justify bringing a lawsuit against former or future employers such as the School District of Philadelphia. If plaintiff has an issue with the administration of her benefits, she should seek relief through proper channels established in the social security act and the regulations that govern benefits through Medicaid and/or Medicare. Additionally, the Court is not capable of resolving any generalized grievances that plaintiff may have about the government's treatment of the mentally ill. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." (quotations omitted)).

### F. Claims Against the CIA

Plaintiff appears to be raising claims against the CIA under *Bivens v. Six Unknown Named Agents of the FBI*, 403 U.S. 388 (1971), based on allegations that the CIA was involved with her psychiatric commitment. However, "[a] *Bivens* action is not available against the United States or one of its agencies." *Dambach v. United States*, 211 F. App'x 105, 107 (3d Cir. 2006) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) and *FDIC v.*

*Meyer*, 510 U.S. 471, 486 & n.11 (1994)). Accordingly, the Court will dismiss plaintiff's claims against the CIA as legally baseless.

### IV.  CONCLUSION

The Court has thoroughly reviewed the complaint, but cannot discern a logical or plausible basis for a claim within the Court's jurisdiction and venue. Even affording the complaint a very liberal construction, the only arguably plausible bases for legal claims appear to be: (1) challenges to conditions in which plaintiff was incarcerated or committed in facilities that are not in this district; (2) challenges to custody of plaintiff's son; (3) possible concerns about the administration of plaintiff's benefits. None of those claims appear to give rise to a basis for a federal lawsuit in the Eastern District of Pennsylvania. Accordingly, the Court will dismiss the complaint without prejudice to plaintiff filing those claims against appropriate defendants in appropriate courts in the event she can develop them properly. Plaintiff will not be permitted to file an amended complaint in this case because amendment would be futile. Plaintiff's motions are denied. An appropriate order follows, which shall be docketed separately.

BY THE COURT:

_____
GERALD A. MCHUGH, J.